FIRST DIVISION
May 15, 2006

No.1-04-1885

THE PEOPLE OF THE STATE OF ILLINOIS,

    Plaintiff-Appellee,

        v.

PHILLIP STEWART,

    Defendant-Appellant.

)  Appeal from
)  the Circuit Court
)  of Cook County
)
)  No. 04 CR 2680
)
)  Honorable
)  Nicholas Ford,
)  Judge Presiding.

PRESIDING JUSTICE CAHILL delivered the opinion of the court:

Following a bench trial, defendant Phillip Stewart (also written as Steward) was convicted of possession with intent to deliver less than one gram of cocaine. See 720 ILCS 570 401(d) (West 2004). He was sentenced as a Class X offender (730 ILCS 5 5-5-3(c)(8) (West 2004)) to eight years in prison. He appeals, claiming (1) he did not receive a fair sentencing hearing (2) his right to confront witnesses against him was violated (3) he received ineffective assistance of counsel (4) the trial court did not admonish him as required by Supreme Court Rule 605(a) (Official Reports Advance Sheet No. 21 (October 17, 2001), R. 605(a), eff. October 1, 2001) and (5) his sentence was excessive. We affirm.

Defendant was indicted for possession of a controlled substance with intent to deliver (720 ILCS 570 401(d) (West 2004)). At trial, Officer Patrick Lee-Palmer testified that on

December 28, 2003, he received information that narcotics were being sold at 7041 South Emerald Avenue in Chicago. Palmer and his partners set up surveillance across the street from this address and saw several persons entering and leaving the property. Palmer wore his Chicago police department uniform, but a sweatshirt covered his shirt and his star was not visible. Palmer approached the house and knocked on the front door. Defendant answered. Palmer said he showed defendant money, showed two fingers and said "give me two." Defendant then withdrew from his right pants pocket a clear plastic bag that contained a small white rocklike substance. Palmer said that based on "past experience," he believed the baggie contained narcotics. Palmer testified that he had made 80 narcotics arrests in his career, conducted 50 narcotics surveillances and purchased narcotics while undercover 7 times. Palmer grabbed the bag from defendant's hand, told defendant he was a police officer and arrested him. Palmer recovered 74 in a custodial search of defendant.

The parties stipulated that forensic chemist Dori Lewis, if called as a witness, would testify that she tested the contents of the bag that Officer Palmer recovered from defendant and concluded that it contained .6 grams of cocaine.

Defendant testified that he was at the Emerald Avenue address to install burglar bars on the front door for Carlos Sanchez, who lived there. Defendant said Sanchez did not have the proper screws to install the bars so Sanchez went to buy screws while defendant waited inside the house. When Sanchez did not return, defendant decided to leave. As defendant exited through the front door, the police, who were on the doorstep, rushed in and grabbed him.

Defendant said the police asked him and the other people in the house where the "shit" was located. Defendant testified that the police told the two women present, Coco and Gwen, that they were going to

have a policewoman come and search them. Coco then took a bag of drugs from her pocket and these were the drugs the police found. Defendant said he had no drugs on his person and the officers did not find drugs on his person when they searched him. Defendant also testified that a sales transaction never occurred.

The trial court found defendant guilty of possession with intent to deliver. The trial court found Officer Palmer s testimony to be highly credible. He also said defendant s version of the facts would push the notion of a coincidence to its extreme for me to find that at the very moment the defendant went to leave this address the police were there waiting to enter." The trial court ordered a presentence investigation PSI report.

The presentence investigation report is of record. It contains defendant s history of convictions but it does not include personal background information about defendant, including employment status, education, marital status, substance use, psychological information, physiological information or gang involvement. A notation at the end of the report stated that the report could not be completed because defendant was returned to the penitentiary where he was being held for parole violations and calls to his public defender were not returned.

At defendant s sentencing hearing, the trial court asked if both parties have had an opportunity to review defendant s pre-sentence investigation. Defense counsel said, I have Judge. The judge asked, Any amendments, corrections, anything like that? Defense counsel replied, Nothing, inasmusch as defendant was in the Illinois Department of Corrections. The record shows the court then read into the record defendant s criminal history, including his convictions and incarcerations, and determined that Class X sentencing was mandatory. Defendant's history included convictions and prison terms for robbery, aggravated robbery, aggravated battery, possession of a stolen vehicle and controlled substance offenses.

Defense counsel informed the court " defendant  is forty-seven years old. He is single, two children, both of them grown. He is employed as a rehabber. He got as far as the 11th grade, and he has  lived  his entire life in Chicago."

The trial judge said before imposing the sentence   I have considered my notes from the trial as well as the pre-sentence investigation, the arguments in aggravation and mitigation, all of the other relevant aspects of the information that are accepted in the statute relative to      sentencing.   He noted that defendant was a  five-time convicted felon.   The judge imposed an eight-year sentence.

The judge gave defendant these admonishments

e ven though you have been sentenced here today, you have the right to appeal. In order to appeal you must within thirty days file a motion asking the Court to reconsider your sentence to appeal.

If you fail to set forth any grounds in your appeal in writing, they will be waived for the purpose of the appeal.

That means, if you don't articulate every aspect of the appeal in writing, it would be considered waived by the Court. What I would do is appoint the State Appellate Defender to represent you in this case.

Defendant apparently filed motions for a new trial and to reconsider his sentence. These motions are not of record and, according to defendant, could not be located at the time this case was briefed. We are unable to determine the issues raised in these motions because defendant has failed to file a sufficient record for review. See People v. Smith, 106 Ill. 2d 327, 336, 478 N.E.2d 357  1985   it is the defendant s burden to preserve and present a sufficient record on appeal . The record

does confirm that the trial court denied both motions. Defendant appeals.

Defendant first claims his sentencing hearing was unfair because the trial court sentenced him without receiving a complete PSI report. The State argues that because defendant failed to object to the contents of his PSI report at his sentencing hearing, he waived the issue for review.

Sections 5-3-1 and 5-3-2 of the Unified Code of Corrections Code require trial courts to consider a written PSI report before imposing a sentence for a felony. 730 ILCS 5 5-3-1, 5-3-2 West 2004 . The statute provides that in felony cases, the presentence report must contain "the defendant's history of delinquency or criminality, physical and mental history and condition, family situation and background, economic status, education, occupation and personal habits." 730 ILCS 5 5-3-2 a 1 West 2004 . If the PSI report considered by the court is deficient but the defendant fails to object, the issue is waived for review. People v. James, 255 Ill. App. 3d 516, 530, 626 N.e.2d 1337 1993 . Accord People v. Meeks, 81 Ill. 2d 524, 533, 411 N.e.2d 9 1980 People v. Laramore, 163 Ill. App. 3d 783, 793, 516 N.e.2d 401 1987 .

Here, the record shows that defense counsel did not object to the incomplete report, despite the fact that the trial judge asked specifically for corrections. Defense counsel declined to make additions or comment on the content of the report. Defense counsel presented orally to the court much of the missing information. The trial court specifically considered all factors when sentencing defendant. Based on these facts, we conclude the matter was waived.

Defendant urges us to review his incomplete PSI report as plain error. The plain error doctrine allows a reviewing court to consider a waived claim of error when 1 the evidence was closely balanced or

2 where the error was so fundamental and of such magnitude that the right to a fair trial was denied. People v. Williams, 193 Ill. 2d 306, 348-49, 739 N.e.2d 455 2000 .

Here, the evidence was not closely balanced. The police officer on whose credibility the trial judge relied purchased drugs from defendant. Defendant s version of a coincidental meeting with the officer was not credible. Nor were the missing parts of the PSI report so fundamental that the proceedings were unfair, particularly in light of the fact that defense counsel presented orally information on defendant s age, education, employment and family. The trial judge verified that he had considered more than just the PSI report, including all of the other relevant aspects of the information that are accepted in the statute relative to sentencing. The trial court did not commit plain error in sentencing defendant despite an incomplete PSI report.

Defendant's second claim is that he should receive a new trial because he did not consent to the waiver of his right to be confronted with the witnesses against him. U.S. Const., amend. VI Ill. Const. 1970, art. I, §8. He contends he did not authorize defense counsel's stipulation to the identity and weight of the substance that Officer Palmer recovered.

To sustain a conviction for possession of a controlled substance with intent to deliver, the State must prove, beyond a reasonable doubt, that 1 defendant had knowledge of the presence of a controlled substance, 2 the controlled substance was in the immediate control and possession of defendant, and 3 the amount of the controlled substance exceeded that which could be viewed as merely for personal use. People v. Harris, 352 Ill. App. 3d 63, 68, 815 N.e.2d 863 2004 . Illinois courts favor the stipulated testimony of forensic experts on the presence of controlled substances because stipulations can expedite the disposition of cases, simplify the issues and reduce expenses. People v.

6

*Woods*, 214 Ill. 2d 455, 468, 828 N.E.2d 247 2005 . The question here, whether defendant s rights were violated when his attorney agreed to a stipulation without defendant s permission, was addressed by our supreme court in *People v. Campbell*, 208 Ill. 2d 203, 220-21, 802 N.E.2d 1205 2003 , and *People v. Phillips*, 217 Ill. 2d 270, 283, 840 N.E.2d 1194 2005 . " C ounsel in a criminal case may waive his client's sixth amendment right of confrontation by stipulating to the admission of evidence as long as the defendant does not object to or dissent from his attorney's decision, and where the decision to stipulate is a matter of legitimate trial tactics or prudent trial strategy." *Campbell*, 208 Ill. 2d at 220-21.

The court affirmed and clarified *Campbell* in *Phillips*, 217 Ill. 2d at 283. A defendant need not personally waive the right of confrontation and yield to a stipulation except when the State s entire case is to be presented by stipulation and the defendant does not present or preserve a defense , or where the stipulation includes a statement that the evidence is sufficient to convict the defendant. *Phillips*, 217 Ill. 2d at 283, quoting *Campbell*, 208 Ill. 2d at 218. "We attached no other restrictions to defense counsel's authority to stipulate to the admission of evidence, and, except in those specified instances where the stipulation is tantamount to a guilty plea, we imposed no obligations on the trial court or counsel to admonish the defendant and ensure that the advisement is made a part of the record." *Phillips*, 217 Ill. 2d at 283. See *People v. Matthews*, 362 Ill. App. 3d 953, 960, 842 N.E.2d 150 2005 the defendant s possession of narcotics was established through the testimony of witnesses, not counsel s stipulation *People v. Foerster*, 359 Ill. App. 3d 198, 200, 833 N.E.2d 942 2005 defense counsel s independent decision to stipulate to a chemist s opinion that a substance was cocaine did not violate the defendant s constitutional rights because the evidence was not sufficient to

convict.

Here, defense counsel stipulated only to the forensic chemist s findings, not to the State s entire case. Nor did the stipulation establish that the forensic evidence was sufficient to convict defendant. It showed only the presence of a controlled substance, not that defendant had knowledge of its presence or that he had it in his immediate control and possession. The stipulation established only that Officer Palmer recovered a bag of cocaine. The State had to prove the remaining elements of the offense with unstipulated evidence from Palmer. The stipulation here was not tantamount to a guilty plea. The record does not show, nor does defendant claim, that he objected to or dissented from his attorney s decision to stipulate. We conclude that defendant's confrontation rights were not violated by the stipulation.

Defendant next contends that he received ineffective assistance of counsel in violation of the sixth amendment when his attorney failed to file a motion to quash his arrest, suppress the evidence and suppress his identification. He argues such a motion would have been successful because he was arrested illegally without probable cause.

The state and federal constitutions guarantee the right to effective assistance of counsel. U.S. Const., amends. VI, XIV Ill. Const. 1970, art. I, §8. The test for ineffective assistance is the two-prong test established in Strickland v. Washington, 466 U.S. 668, 80 L. e. 2d 674, 104 S. Ct. 2052 1984 . To demonstrate ineffective assistance, a defendant must show 1 that counsel s performance was deficient, and 2 the deficient performance prejudiced the defendant to such a degree that he was denied a fair trial. Strickland, 466 U.S. at 687, 80 L. e. 2d at 693, 104 S. Ct. at 2064. If either prong of the Strickland test cannot be shown, then the defendant has not established ineffective assistance of counsel. Strickland, 466 U.S. at 697, 80 L. e. 2d at

8

699, 104 S. Ct. at 2069. An attorney s performance will not be deemed ineffective for failing to file a futile motion. People v. Martinez, 348 Ill. App. 3d 521, 537, 810 N.E.2d 199 2004 .

Here, defendant claims that it would not have been futile for his attorney to file the motion at issue because the trial court would have seen he was arrested without probable cause and so granted the motion. Probable cause exists when facts and circumstances within the arresting officer's knowledge are sufficient to warrant a reasonable person's belief that the person to be arrested has committed an offense. People v. Tisler, 103 Ill. 2d 226, 236-37, 469 N.E.2d 147 1984 . This analysis is based on practical and commonsense considerations and requires an examination of the probabilities. Tisler, 103 Ill. 2d at 236.

Here, we conclude that Officer Palmer had probable cause to arrest defendant. A motion to suppress for lack of probable cause would have been futile. Defense counsel was not ineffective for declining to file such a motion. Palmer s testimony shows that the following facts and circumstances were within his knowledge. Narcotics were being sold from the residence at 7041 South Emerald Avenue. Several people came and went from the residence while Palmer watched. Defendant answered the door when Palmer knocked. When Palmer signaled defendant that he wanted "two" and showed money, defendant produced a clear plastic bag that contained what Palmer believed to be narcotics. This belief was based on his experience of making more than 80 narcotics arrests and about 7 undercover drug purchases. Palmer then arrested defendant. These facts and circumstances were sufficient to warrant a reasonable person s belief that defendant had committed a crime. The trial judge found Palmer's testimony to be dispositive and highly credible. A motion to suppress evidence for lack of probable cause would have had no reasonable

chance of success. See People v. Rucker, 346 Ill. App. 3d 873, 885-86, 803 N.E.2d 31 (2003). Defendant was not prejudiced by trial counsel's failure to file a futile motion and his constitutional right to counsel was not violated.

Defendant next argues that the trial court failed to comply strictly or substantially with Supreme Court Rule 605(a) (Official Reports Advance Sheet No. 21 (October 17, 2001), R. 605(a), eff. October 1, 2001) in admonishing him on his right to appeal. Defendant claims he suffered prejudice and asks for a remand for proper admonishments. The State concedes that the admonishments were improper but argues that remand is not necessary because defendant was not prejudiced by the error. See In re J.T., No. 98492, slip op. at 6-7 (April 20, 2006) (admonitions did not strictly comply with Rule 605(c), but relief was not warranted where the respondent had notice that some action on his part was necessary if he wished to appeal). We apply a *de novo* standard of review to questions concerning the application of supreme court rules. People v. Burdine, 362 Ill. App. 3d 19, 29, 839 N.E.2d 573 (2005).

Illinois Supreme Court Rule 605(a) requires a trial court to admonish a defendant who has been found guilty and sentenced to imprisonment at the time of imposing sentence. The admonishments must include specific instructions on how and when to file an appeal of some aspect of sentencing. The rule also requires the trial court to inform the defendant that the failure to file a motion to reconsider his sentence will result in waiver of the issues on appeal. Official Reports Advance Sheet No. 21 (October 17, 2001), R. 605(a), eff. October 1, 2001. The effects of incomplete Rule 605(a) admonishments have been considered in several cases, including those relied on by defendant (People v. Glenn, 345 Ill. App. 3d 974, 804 N.E.2d 661 (2004), and People v. Bagnell, 348 Ill. App. 3d 322,

1-04-1885

809 N.E.2d 753 2004 .

 Those holdings were abrogated by the supreme court in *People v. Henderson*, 217 Ill. 2d 449, 841 N.E.2d 872 2005 . The court held that where a trial court fails to properly admonish a defendant on preservation of sentencing issues for appeal, "remand is required only where there has been prejudice or a denial of real justice as a result of the inadequate admonishment." *Henderson*, 217 Ill. 2d at 466. *Henderson* differed from this case because the defendant there had not raised sentencing issues on appeal as has defendant here. But the court anticipated situations where, as here, sentencing issues would be raised on appeal If defendant *had* presented actual sentencing challenges in his appeal emphasis in original , the appellate court would at least have been alerted to the existence of these issues. The court then could have taken whatever actions it deemed appropriate, including *hearing the challenges itself* or remanding them to the trial court emphasis added ." *Henderson*, 217 Ill. 2d at 468.

 We agree with the parties that defendant was not properly admonished and the sentencing issues he raised on appeal could be subject to waiver, assuming he failed to raise them in a motion to reconsider the sentence. As noted, we do not know what issues, if any, were raised in a motion to reconsider the sentence because the documents are not of record. But despite deficiencies in both the admonishments and the record, we have been alerted to defendant s sentencing issues. We have elected to consider them here rather than remanding them to the trial court for proper admonishments. See *Henderson*, 217 Ill. 2d at 470 *People v. Quinones*, 362 Ill. App. 3d 385, 400-01, 839 N.E.2d 583 2005 appellate court review of the defendant s alleged sentencing errors avoids the necessity of remand and serves the interest of judicial economy . See also *J.T.*, slip op. at 6 reasserting the decision in *Henderson*. But see *J.T.*, slip op. at 12 Kilbride, J., concurring in part and dissenting in part restating his dissent

11

in *Henderson* and contending that *Rule 605* c  requires strict compliance .

Defendant s final claim is that the eight-year sentence is excessive.  Defendant does not dispute that the sentence was within the statutory range for a Class X offender.  Instead, he argues that his offense was not violent and the sentence does not reflect its seriousness.

Where the sentence chosen by the trial court is within the statutory range permissible for the pertinent criminal offense     , a reviewing court has the power to disturb the sentence only if the trial court abused its discretion     .  *People v. Jones*, 168 Ill. 2d 367, 373-74, 659 N.e.2d 1306  1995 . Section 5-5-3 c  8  of the Code provides

When a defendant, over the age of 21 years, is convicted of a Class 1 or Class 2 felony, after having twice been convicted in any state or federal court of an offense that contains the same elements as an offense now classified in Illinois as a Class 2 or greater Class felony and such charges are separately brought and tried and arise out of different series of acts, such defendant shall be sentenced as a Class X offender.  730 ILCS 5 5-5-3 c  8  West 2004 .

The sentencing range for a Class X offense is 6 to 30 years in prison.  730 ILCS 5 5-8-1 a  3  West 2004 .

Here, defendant's earlier convictions fit the statutory criteria for Class X sentencing.  The 8-year sentence imposed is within the permissible range of 6 to 30 years.  The record, particularly the trial judge s observation that defendant was a five-time felon, convinces us that the trial court did not abuse its discretion in sentencing defendant to two years over the minimum sentence.

The judgment of the trial court is affirmed.

12

**1-04-1885**

*Affirmed.*

BURKE and McBRIDE, JJ., concur.