No. 3--06--0802

Filed September 12, 2007.
IN THE APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

A.D., 2007

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of the 14th Judicial Circuit, Henry County, Illinois |
| Plaintiff-Appellee, | ) ) | No. 06-CF-186 |
| v. | ) ) | |
| CATRELLE L. REED, | ) ) | Honorable Larry S. Vandersnick, |
| Defendant-Appellant. | ) | Judge, Presiding. |

JUSTICE CARTER delivered the Opinion of the court:

After a jury trial, defendant, Catrelle L. Reed, was convicted of unlawful delivery of a controlled substance within 1,000 feet of a school (720 ILCS 570/401(c)(2), 407(b)(1) (West 2004)) and sentenced to 12 years' imprisonment.[1] Defendant appeals his conviction and sentence and argues that: (1) the trial judge committed reversible error by allowing voir dire to proceed without a court reporter present; (2) this case must be remanded for new post-sentencing motions because the trial judge failed to properly admonish defendant about the need to file a post-sentencing motion to preserve alleged sentencing errors for appellate review; (3) the trial judge committed an abuse of discretion in sentencing by placing significant weight on an improper factor; (4) defendant's street

---

[1] Defendant was also found guilty of unlawful possession of a controlled substance with intent to deliver within 1,000 feet of a school and unlawful possession of a controlled substance. The trial judge, however, found that the charges merged and did not impose sentence on those charges.

value fine and Violent Crime Victims Assistance Fund assessment must be vacated, and (5) a credit of $835 must be applied to defendant's mandatory drug assessment fee to reflect a $5 per day credit for the time he spent in pre-sentence custody. We affirm defendant's conviction and sentence; vacate the street value fine and Violent Crime Victims Fund assessment; find that defendant is entitled to $835 credit against his mandatory drug assessment fee; and remand this case to the trial court with directions to amend the defendant's sentencing order accordingly.

FACTS

In May of 2006, defendant was arrested and charged with unlawful delivery of more than 1 gram, but less than 15 grams, of cocaine within 1,000 feet of a school and certain other related offenses. Defendant was unable to post bond and remained in custody throughout the entire proceedings, a total of 167 days.

Defendant's case proceeded to a jury trial. At the start of the jury selection process, upon being asked by the trial judge, defense counsel waived the presence of a court reporter for voir dire. After 11 jurors were selected, the trial judge informed the parties that there were no prospective jurors left. The parties agreed to continue selection using employees of the courthouse. Defendant personally was given an opportunity to object to the use of courthouse employees and stated that it was alright. The jury selection was subsequently completed.

The evidence presented at trial showed that in February of 2006, defendant, in a controlled transaction, sold 2 grams of cocaine to a police informant for $120 at a location that was about 90 feet from a school. After hearing all of the evidence, the jury found defendant guilty.

The matter proceeded to sentencing on this case and resentencing on other cases that

defendant had pending, including a battery, an aggravated battery, and two charges of domestic battery. A presentence investigation report (PSI) was prepared. Of relevance to this appeal, the PSI indicated that the victim of one of the domestic batteries, Jeanny Ibarra, is the mother of defendant's three-year-old son. Ibarra told probation that defendant has not struck her since he completed the domestic violence program. Ibarra expressed her desire that defendant receive a lenient sentence so that her son could have a father. The PSI indicated that defendant has had an off and on relationship with Ibarra for the past six years. Defendant told probation that Ibarra is "his son's mother" and "his main girl" and that "he loves her to death." Defendant also told probation, however, that another woman is pregnant with his child and is expected to give birth to his son. Attached to the PSI was a written statement from defendant asking the trial judge to give him the minimum sentence and stating that he hoped to come out of prison a married man, prepared to work, and ready to take care of his family.

At the sentencing hearing, in determining the appropriate length of imprisonment to impose upon defendant, the trial judge made the following comments:

"Six to 30 is essentially what you're facing. Would six be enough? Thirty too much? Most people that commit murders don't get 30 years, and some don't even get 20. But you've been around. You're only 21. It seems like you've been around a long time before this Court. Some of these things are pretty petty when it comes down to it. I mean, you have two or three different girlfriends. You're hot or cold with them. They are either victims or witnesses, and then all of a sudden they're on your side and then they're not on your side. You play these girls like they're toys. And I think that, you know, you--you think that you own the world. You have never

3

really been employed. I think maybe once for four or five months. You don't have a GED. From everything it looks here, you sell drugs. That's how you support yourself. It's a shame. You got little children that you fathered, and if you cared anything about them, first you would support them, but you don't. Public Aid supports them. So you haven't done much with your life.

You know, the Court--it probably sound like a broken record, but there's two things I look at. One is rehabilitation, can I rehabilitate Cantrelle Reed with the sentence. The other one is punishment. And by punishment, sometimes at least I keep you off the streets so you can't sell drugs again; you can't hurt people that supposedly love you.

So that's my predicament. Is six not enough? Is 30 too much? Only--only you would know. You've never been to prison before. It's not going to be a happy trip for you. You'll find out that there's people bigger and worse and badder than you. Right now you think you're king, and believe me, when you get back there, you won't be king."

The trial judge subsequently sentenced defendant to 12 years' imprisonment and ordered defendant to pay, among other things, a $3,000 mandatory drug assessment fee, a $200 street value fine, and a certain monetary assessment for the Violent Crime Victims Assistance Fund. At the conclusion of the sentencing hearing, the trial judge admonished defendant that he had a right to an appeal and that he had to file a written notice of appeal within 30 days to do so. This appeal followed.

ANALYSIS

As his first contention on appeal, defendant argues that the trial court committed reversible error by allowing voir dire to proceed without a court reporter present. The People argue that the parties properly waived the presence of a court reporter and the trial judge was not required to second guess that decision. We review de novo issues concerning the application of a supreme court rule. People v. Henderson, 217 Ill. 2d 449, 458, 841 N.E. 2d 872, 876 (2005).

Supreme Court Rule 608(a)(9) provides that in cases in which the death penalty is not imposed, "court reporting personnel *** shall take the record of the proceedings regarding the selection of the jury, but the record need not be transcribed unless a party designates that such proceedings be included in the record on appeal." 210 Ill. 2d R. 608(a)(9). The supreme court rules are not merely suggestions to be complied with if convenient but rather obligations which the parties and the courts are required to follow. Medow v. Flavin, 336 Ill. App. 3d 20, 36, 782 N.E. 2d 733, 746-747 (2002). There is nothing in rule 608(a)(9), however, that prohibits the parties from waiving the presence of the court reporter during voir dire. See People v. Ash, 346 Ill. App. 3d 809, 813, 805 N.E. 2d 649, 652 (2004). Allowing the parties to do so does not deprive a defendant of due process. People v. Culbreath, 343 Ill. App. 3d 998, 1005, 798 N.E. 2d 1268, 1273 (2003). Any claim of error in voir dire may be established through the use of a bystander's report or an agreed statement of facts. See People v. Morris, 229 Ill. App. 3d 144, 156, 593 N.E. 2d 932, 940 (1992). For those reasons, this appellate court and others have previously found that it is not reversible error for the trial judge to allow voir dire to proceed without a court reporter present when the parties have waived the presence of the reporter. See Ash, 346 Ill. App. 3d at 813, 805 N.E. 2d at 652; Morris, 229 Ill. App. 3d at 156, 593 N.E. 2d at 940; see also People v. Houston, 363 Ill. App. 3d 567, 572,

5

843 N.E. 2d 465, 471 (2006), Supreme Court remanded to circuit court with directions regarding ineffective assistance of trial counsel claim, No. 102225 (August 2, 2007).

Applying that precedent here, we find that no reversible error occurred. See Ash, 346 Ill. App. 3d at 813, 805 N.E. 2d at 652; Morris, 229 Ill. App. 3d at 156, 593 N.E. 2d at 940. The record is clear that defense counsel waived the court reporter's presence for voir dire. Other than the absence of a court reporter, defendant asserts no specific claim of error. Rather, defendant merely points out that the jury selection process was unusual because court employees were added to the jury pool when it became exhausted. Defendant, however, personally agreed to that procedure. We therefore reject defendant's argument of prejudice.

In doing so, we note that our supreme court has recently ruled on a similar issue in an appeal from this court in People v. Houston, No. 102225 (August 2, 2007). Under the particular facts of that case, the supreme court found that defense counsel's performance was deficient when he waived a court reporter for voir dire. Houston, No. 102225, slip op. at 11. The supreme court went on to remand the case to the trial court with directions to hold a hearing to reconstruct the voir dire record so that defendant's claim of prejudice could be examined further. Houston, No. 102225, slip op. at 13-14. The supreme court noted that their ruling was confined to the facts of that particular case and that they were not concluding that the failure to obtain the presence of a court reporter during voir dire created, in itself, a per se presumption of ineffective assistance of counsel. Houston, No. 102225, slip op. at 14. Although the issue that defendant raises in the present case was raised before the supreme court in Houston, the supreme court declined to rule upon that issue. Houston, No. 102225, slip op. at 15. Thus, the supreme court's ruling in Houston does not affect the outcome of this case. Unlike the defendant in Houston, the defendant in the present case does not raise an

6

argument, or even the hint of an argument, that some specific error occurred, other than the absence of the court reporter.

As his second contention on appeal, defendant argues that this case must be remanded for new post-sentencing motions because the trial court failed to properly admonish defendant of the need to file a post-sentencing motion to preserve any alleged sentencing errors for appellate review, as required by Supreme Court Rule 605(a)(3) (210 Ill. 2d R. 605(a)(3)). The People acknowledge that the trial court's admonishment was incomplete but argue that a remand is not required. As noted previously, we apply a de novo standard of review to questions concerning the application of a supreme court rule. See Henderson, 217 Ill. 2d at 458, 841 N.E. 2d at 876.

Illinois Supreme Court Rule 605(a) requires a trial court to admonish a defendant who has been found guilty and sentenced to imprisonment at the time of imposing sentence. People v. Stewart, 365 Ill. App. 3d 744, 751, 851 N.E. 2d 162, 169 (2006). The admonishments must include specific instructions on how and when to file an appeal of some aspect of sentencing. Stewart, 365 Ill. App. 3d at 751, 851 N.E. 2d at 169. The rule also requires the trial court to inform the defendant that the failure to file a motion to reconsider his sentence will result in waiver of the issues on appeal. Stewart, 365 Ill. App. 3d at 751, 851 N.E. 2d at 169. Where a defendant is given incomplete Rule 605(a) admonishments regarding the preservation of sentencing issues for appeal, remand is required only where there has been prejudice or a denial of real justice as a result of the inadequate admonishment. Henderson, 217 Ill. 2d at 466, 841 N.E. 2d at 881.

In the present case, defendant has raised issues on appeal regarding the propriety of his sentence. Defendant does not assert that there are additional issues that he seeks to raise before this court but is prevented from doing so by the improper admonishment. Thus, defendant has suffered

no prejudice as a result of the trial court's incomplete admonishment and a remand is not required. See Henderson, 217 Ill. 2d at 466-470, 841 N.E. 2d at 881-883 (no prejudice where defendant did not raise any sentencing issues on appeal); Stewart, 365 Ill. App. 3d at 752, 851 N.E. 2d at 170 (no prejudice where appellate court was alerted to all of defendant's sentencing issues on appeal). We therefore elect to address the merits of defendant's sentencing argument rather than remand for Rule 605(a)(3) admonishments. See Stewart, 365 Ill. App. 3d at 752, 851 N.E. 2d at 170.

As his third contention on appeal, defendant argues that trial judge committed an abuse of discretion in sentencing by placing great emphasis on an improper factor--the trial judge's own personal belief that defendant does not treat women properly. Defendant asks this Court to vacate his sentence and remand for resentencing. The People argue that the trial judge merely considered defendant's history and character, a proper consideration in sentencing, and that the trial judge did not place significant weight upon the matter in determining the appropriate sentence.

The trial court's sentencing decision will not be altered on appeal absent an abuse of discretion. People v. Streit, 142 Ill. 2d 13, 18-19, 566 N.E. 2d 1351, 1353 (1991). Great deference is given to the trial court's sentencing decision because the trial court is in a better position than the reviewing court to determine the appropriate sentence. See People v. Stacey, 193 Ill. 2d 203, 209, 737 N.E. 2d 626, 629 (2000). The trial court's sentencing decision, therefore, is presumed to be correct. People v. Fort, 229 Ill. App. 3d 336, 340, 592 N.E. 2d 1205, 1209 (1992). Only where that presumption has been rebutted by an affirmative showing of error, will a reviewing court find that the trial court has abused its discretion. Fort, 229 Ill. App. 3d at 340, 592 N.E. 2d at 1209.

The sentencing hearing is an inquiry into pertinent facts and circumstances to enable the court to exercise its discretion in determining the appropriate sentence. People v. Irby, 237 Ill. App. 3d

8

38, 70, 602 N.E. 2d 1349, 1373 (1992). In conducting that inquiry, the trial court may search anywhere within reasonable bounds for facts which may serve to aggravate or mitigate the offense. People v. Moore, 250 Ill. App. 3d 906, 919, 620 N.E. 2d 583, 592 (1993). The sentencing court is to consider all matters reflecting upon the defendant's personality, propensities, purposes, tendencies, and indeed every aspect of defendant's life relevant to the sentencing proceeding. Fort, 229 Ill. App. 3d at 341, 592 N.E. 2d at 1209. It may inquire into a defendant's general moral character, habits, social environment, abnormal tendencies, age, natural inclination or aversion to commit crime, and stimuli motivating his conduct, in addition to his family life, occupation, and criminal record. Moore, 250 Ill. App. 3d at 919, 620 N.E. 2d at 592.

A trial court may not, however, consider an improper factor in sentencing defendant. See People v. Joe, 207 Ill. App. 3d 1079, 1085, 566 N.E.2d 801, 807 (1991). Consideration of an improper factor in aggravation clearly affects the defendant's fundamental right to liberty, and a court of review must remand such a cause for resentencing, except in circumstances where the factor is an insignificant element of the defendant's sentence. Joe, 207 Ill. App. 3d at 1085, 566 N.E. 2d at 807. In determining the correctness of a sentence, the reviewing court should not focus on a few words or statements made by the trial court, but is to consider the record as a whole. Fort, 229 Ill. App. 3d at 340, 592 N.E. 2d at 1209. To obtain a remand for resentencing, therefore, defendant must show more than the mere mentioning of an improper fact. See People v. Garza, 125 Ill. App. 3d 182, 186, 465 N.E.2d 595, 599 (1984). An isolated remark made in passing, even though improper, does not necessarily require that defendant be resentenced. Fort, 229 Ill. App. 3d at 340, 592 N.E. 2d at 1209. Rather, defendant must show that the trial court relied on the improper fact when imposing sentence. See Garza, 125 Ill. App. 3d at 186, 465 N.E. 2d at 599.

9

In the present case, when placed into context, the trial judge's comments were properly made and do not establish the consideration of an improper factor. The comments show nothing more than the trial judge's reflection upon the "petty" nature of some of the offenses, upon defendant's moral character, and upon Ibarra's and defendant's request that defendant receive a lenient sentence. Even if we were to find that the comments were improper, we would still have to reject defendant's argument. There is no indication in the record that the trial judge placed significant weight on the matter in determining the appropriate sentence. See Fort, 229 Ill. App. 3d at 340-341, 592 N.E. 2d at 1209; Garza, 125 Ill. App. 3d at 186, 465 N.E. 2d at 599.

As his fourth contention on appeal, defendant argues that the street value fine should be vacated because the trial judge lacked the evidentiary basis to impose such a fine. The People agree that there is no evidentiary basis to support a street value fine of $200. The People argue, however, that the street value fine should be reduced to $120 to match the amount that the informant testified at trial that he paid the defendant for the cocaine. As noted previously, we review a trial court's sentencing decisions for an abuse of discretion. Streit, 142 Ill. 2d at 18-19, 566 N.E. 2d at 1353.

Section 5-9-1.1 of the Unified Code of Corrections provides that street value "shall be determined by the court on the basis of testimony of law enforcement personnel and the defendant as to the amount seized and such testimony as may be required by the court as to the current street value of the cannabis or controlled substance seized." 730 ILCS 5/5-9-1.1 (West 2004). Although the amount of evidence necessary to adequately establish the street value of a given drug varies from case to case, the trial court must have a concrete, evidentiary basis for the fine imposed. People v. Tyson, 221 Ill. App. 3d 256, 258, 581 N.E. 2d 694, 696 (1991).

In the present case, there is absolutely no support in the record for a street value fine of $200.

The People concede this point. While the People ask that the street value fine be reduced to $120 to match the testimony at trial (the amount the informant paid for the cocaine), it's clear that the trial judge's sentencing decision was not based upon that testimony. Accordingly, the street value fine imposed upon defendant in the present case is vacated.

As his fifth contention on appeal, defendant argues, and the People concede, that the assessment imposed upon him for the Violent Crime Victims Assistance Fund should be vacated because such an assessment may not be imposed where a drug assessment fee is also imposed. See People v. Blakney, 366 Ill. App. 3d 925, 934, 853 N.E. 2d 885, 892 (2006), rev'd on other grounds, People v. Jones, 223 Ill. 2d 569, 601, 861 N.E. 2d 967, 986 (2006). Accordingly, the Violent Crime Victims Assistance Fund assessment imposed upon defendant in the present case is vacated.

As his final contention on appeal, defendant argues, and the People concede, that he is entitled to have his mandatory drug assessment fee of $3000 reduced by a credit of $5 per day for the 167 days he spent in custody prior to sentencing. See 725 ILCS 5/110-14 (West 2004) (defendant entitled to $5 per day credit for each day spent in pre-sentence custody); People v. Gathing, 334 Ill. App. 3d 617, 620, 778 N.E. 2d 215, 217 (2002) ($5 per day credit is to be applied against drug assessment fee). Accordingly, we find that defendant is entitled to a credit of $835 to be applied to his drug assessment fee of $3000.

For the foregoing reasons, we affirm defendants conviction and sentence for unlawful delivery of a controlled substance within 1,000 feet of a school, and we remand this case to the trial court with directions that the sentencing order be amended to show that: (1) defendant's $200 street value fine has been vacated, (2) defendant's assessment for the Violent Crime Victims Assistance Fund has been vacated, and (3) to reflect a credit of $835 applied to defendant's mandatory drug

assessment fee of $3,000 for time defendant spent in pre-sentence custody.

Affirmed in part and remanded in part with directions.

LYTTON, P. J. and SCHMIDT, J. concurring.