NOTICE
This Order was filed under
Supreme Court Rule 23 and is
not precedent except in the
limited circumstances allowed
under Rule 23(e)(1).

2021 IL App (4th) 200446-U

NO. 4-20-0446

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
April 6, 2021
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | Livingston County |
| LEROY K. DEVINE, | ) | No. 17CF247 |
| Defendant-Appellant. | ) | |
| | ) | Honorable |
| | ) | Jennifer H. Bauknecht, |
| | ) | Judge Presiding. |

JUSTICE TURNER delivered the judgment of the court.
Justices DeArmond and Harris concurred in the judgment.

**ORDER**

¶ 1     *Held*:   The circuit court did not err in considering aggravating and mitigating factors in
sentencing defendant.

¶ 2     In August 2017, the State charged defendant, Leroy K. Devine, by information
with two counts of delivery of a controlled substance (720 ILCS 570/401(c)(1) (West 2016)). In
December 2017, the State filed an amended information charging defendant with two counts of
delivery of a look-alike substance (720 ILCS 570/404(b) (West 2016)). At a January 2018
hearing, defendant pleaded guilty to the two counts of delivery of a look-alike substance. After a
March 2018 hearing, the Livingston County circuit court sentenced defendant to concurrent
prison terms of seven years. Defendant filed a motion for reconsideration of his sentence, which
the court denied after an April 2018 hearing.

¶ 3     Defendant appealed, and this court vacated the circuit court's ruling on

defendant's motion to reconsider his sentence and remanded the cause for further proceedings in strict compliance with Illinois Supreme Court Rule 604(d) (eff. July 1, 2017). *People v. Devine*, 2020 IL App (4th) 180270-U. On remand, defendant filed a new motion for reconsideration of his sentence, which the court denied after a September 2020 hearing. Defendant has appealed again and contends the circuit court failed to properly consider factors in aggravation and mitigation in sentencing him. We affirm.

¶ 4                                    I. BACKGROUND

¶ 5            The two amended charges in this case asserted that, on July 27, 2017, and August 1, 2017, defendant knowingly delivered to a police confidential source a look-alike substance purported to be heroin. Delivery of a look-alike substance is a Class 3 felony. 720 ILCS 570/404(b) (West 2016). The charges noted defendant, if found guilty, could be sentenced to an extended term of up to 10 years' imprisonment based on his prior conviction for manufacture or delivery of a controlled substance (People v. Devine, No. 13-CF-2015 (Cir. Ct. Will County)). See 720 ILCS 570/408(a) (West 2016).

¶ 6            At a January 17, 2018, hearing, defendant pleaded guilty to the two amended charges. He had no agreement with the State. After admonishing defendant pursuant to Illinois Supreme Court Rule 402 (eff. July 1, 2012) and hearing the factual basis for the plea, the circuit court accepted defendant's guilty plea. The court found defendant's plea was knowing and voluntary and a sufficient factual basis existed.

¶ 7            On March 8, 2018, the circuit court commenced defendant's sentencing hearing. The State did not present any evidence in addition to the presentence investigation report (PSI). Defendant testified on his own behalf and presented the testimony of (1) Leroy Devine Jr., his father, and (2) Megan Devine, defendant's sister. After hearing defendant's evidence, the court

- 2 -

continued the hearing. The court resumed the hearing on March 19, 2018. The State recommended a sentence of eight years' imprisonment. It argued no mitigating factors applied in defendant's case. As to aggravating factors, the State contended defendant's conduct did cause or threaten serious harm, defendant had a history of delinquency and criminal activity, defendant's sentence was necessary to deter others from engaging in this behavior, and defendant was on mandatory supervised release (MSR) when he committed the crimes. Defense counsel recommended a sentence of 30 months of intensive probation. Defense counsel discussed mitigating evidence in general but did not identify any statutory mitigating factors that applied in this case. He noted defendant did not have a history of violence and was trying to turn his life around. Defendant spoke in allocution about his desire to stay sober. The court sentenced defendant to two concurrent terms of seven years' imprisonment. The court first spoke generally about the opioid crisis and single parent homes. The court found defendant did not have great potential for rehabilitation because he had six adult felonies and committed these felonies while on MSR. It specifically noted the fact defendant was on MSR at the time he committed the offenses was a very strong aggravating factor. The court also found defendant's criminal history and the need to deter others were strong aggravating factors. Moreover, the court found no mitigating factors in this case.

¶ 8        On March 24, 2018, defendant filed a motion to reconsider his sentence, arguing (1) the circuit court failed to consider all mitigating factors, including the fact defendant did not contemplate his conduct would cause or threaten serious physical harm; (2) the sentence was excessive in consideration of all of the factors before the court; (3) probation would have been proper; (4) the sentence was unduly harsh and punitive in consideration of defendant's display of remorse; and (5) the court failed to sentence defendant with the objective of restoring him to

useful citizenship. The circuit court held the hearing on defendant's motion to reconsider his sentence on April 11, 2018. Defense counsel filed a certificate pursuant to Illinois Supreme Court Rule 604(d) (eff. July 1, 2017) that same day. After hearing the parties' arguments, the court denied the motion to reconsider.

¶ 9 Defendant appealed and argued (1) his counsel failed to strictly comply with Rule 604(d) and (2) the circuit court failed to properly consider factors in aggravation and mitigation in sentencing him. *Devine*, 2020 IL App (4th) 180270-U, ¶ 3. This court agreed with defendant's first contention and found new proceedings in strict compliance with Rule 604(d) were necessary. *Devine*, 2020 IL App (4th) 180270-U, ¶ 19. Thus, we vacated the circuit court's ruling on defendant's motion to reconsider his sentence and remanded for further proceedings in strict compliance with Rule 604(d). *Devine*, 2020 IL App (4th) 180270-U, ¶ 22.

¶ 10 On remand, defendant filed a new motion for reconsideration of his sentence, asserting the circuit court (1) failed to consider all mitigating factors, including the fact imprisonment would entail excessive hardship to defendant's children; (2) abused its discretion in considering all the factors before it; and (3) did not sentence defendant with the objective of restoring him to useful citizenship. Defense counsel also filed a new Rule 604(d) certificate. On September 14, 2020, the circuit court held a hearing on defendant's new motion for reconsideration and denied the motion.

¶ 11 On September 14, 2020, defendant filed a timely notice of appeal in compliance with Illinois Supreme Court Rule 606 (eff. July 1, 2017). Accordingly, this court has jurisdiction of defendant's appeal under Rule 604(d).

¶ 12 II. ANALYSIS

¶ 13 Defendant argues the circuit court erred in sentencing him by (1) considering the

dangerousness of look-alike drugs as an aggravating factor because it was a factor inherent in the offense of delivery of a look-alike substance, (2) not finding the statutory mitigating factors defendant neither caused nor contemplated serious physical harm, and (3) considering defendant's children by multiple mothers as an aggravating factor. The State disagrees and asserts defendant has forfeited his three arguments by failing to raise them in his August 2020 motion for reconsideration of sentence. Defendant asserts that, if this court finds he forfeited his issues, plain-error review is warranted. See Ill. S. Ct. R. 615(a) (eff. Jan. 1, 1967).

¶ 14          The plain-error doctrine permits a reviewing court to consider unpreserved error under the following two scenarios:

> "(1) a clear or obvious error occurred and the evidence is so closely balanced that the error alone threatened to tip the scales of justice against the defendant, regardless of the seriousness of the error, or (2) a clear or obvious error occurred and that error is so serious that it affected the fairness of the defendant's trial and challenged the integrity of the judicial process, regardless of the closeness of the evidence." *People v. Sargent*, 239 Ill. 2d 166, 189, 940 N.E.2d 1045, 1058 (2010).

¶ 15          We begin our plain-error analysis by first determining whether any error occurred at all. *Sargent*, 239 Ill. 2d at 189, 940 N.E.2d at 1059. Given both plain-error review and standard review begin by determining whether an error occurred, we need not determine at this time whether defendant forfeited his issues on appeal.

¶ 16          The Illinois Constitution mandates "[a]ll penalties shall be determined both according to the seriousness of the offense and with the objective of restoring the offender to useful citizenship." Ill. Const. 1970, art. I, § 11. In sentencing a defendant, the circuit court

must consider a number of statutory aggravating and mitigating factors. See 730 ILCS 5/5-5-3.1, 5-5- 3.2 (West 2016). However, "the seriousness of an offense is considered the most important factor in determining a sentence." *People v. Jackson*, 2014 IL App (1st) 123258, ¶ 53, 23 N.E.3d 430.

¶ 17 Defendant essentially contends the circuit court imposed an excessive sentence. See *People v. Johnson*, 2019 IL 122956, ¶ 39, 129 N.E.3d 1239 (noting the defendant raised an excessive sentencing argument when the defendant argued he would have received a lower sentence if the court had not erred in its application of the statute and, thus, erroneously considered statutory factors). With excessive sentence claims, this court has explained appellate review of a defendant's sentence as follows:

> "A trial court's sentencing determination must be based on the particular circumstances of each case, including factors such as the defendant's credibility, demeanor, general moral character, mentality, social environment, habits, and age. [Citations.] Generally, the trial court is in a better position than a court of review to determine an appropriate sentence based upon the particular facts and circumstances of each individual case. [Citation.] Thus, the trial court is the proper forum for the determination of a defendant's sentence, and the trial court's decisions in regard to sentencing are entitled to great deference and weight. [Citation.] Absent an abuse of discretion by the trial court, a sentence may not be altered upon review. [Citation.] If the sentence imposed is within the statutory range, it will not be deemed excessive unless it is greatly at variance with the spirit and purpose of the law or is manifestly disproportionate to the nature of the offense." (Internal quotation marks omitted.) *People v. Price*, 2011 IL App (4th)

100311, ¶ 36, 958 N.E.2d 341 (quoting *People v. Hensley*, 354 Ill. App. 3d 224, 234-35, 819 N.E.2d 1274, 1284 (2004)); see also *People v. Alexander*, 239 Ill. 2d 205, 212, 940 N.E.2d 1062, 1066 (2010).

The sentencing range for the Class 3 felony of delivery of a look-alike substance is two to five years' imprisonment (730 ILCS 5/5-4.5-40(a) (West 2016)). Since defendant had a prior conviction for manufacture or delivery of a controlled substance, he could be sentenced to an extended term of up to 10 years in prison. See 720 ILCS 570/408(a) (West 2016). Thus, defendant's two concurrent prison terms of seven years for delivery of a look-alike substance were within the proper statutory range.

¶ 18                                     A. Aggravating Factors

¶ 19            Regarding aggravating factors, the circuit court must not consider an element that is inherent in the offense as an aggravating factor when sentencing a defendant. *People v. Brown*, 2019 IL App (5th) 160329, ¶ 18, 145 N.E.3d 486. "Nevertheless, the trial judge 'need not unrealistically avoid any mention of such inherent factors, treating them as if they did not exist.' " *Brown*, 2019 IL App (5th) 160329, ¶ 18 (quoting *People v. O'Toole*, 226 Ill. App. 3d 974, 992, 590 N.E.2d 950, 962 (1992)). When reviewing a sentence for an alleged error based upon the consideration of an improper factor in aggravation, the reviewing court considers the record as a whole and does not focus merely on a few words or statements by the trial judge. *Brown*, 2019 IL App (5th) 160329, ¶ 18. We note "[a]n isolated remark made in passing, even though improper, does not necessarily require that [the] defendant be resentenced." (Internal quotation marks omitted.) *Brown*, 2019 IL App (5th) 160329, ¶ 18 (quoting *People v. Reed*, 376 Ill. App. 3d 121, 128, 875 N.E.2d 167, 174 (2007)). To receive a new sentencing hearing, the defendant must show more than the mere mentioning of the improper factor in aggravation;

rather, the defendant must demonstrate the trial judge relied upon the improper factor in fashioning the defendant's sentence. *Brown*, 2019 IL App (5th) 160329, ¶ 18.

¶ 20        Defendant contends the circuit court improperly considered the general harm to society that is implicit in drug transactions and the fact defendant's children had multiple mothers as aggravating factors. After reviewing the circuit court's comments *in toto*, we disagree with defendant's assessment. At defendant's sentencing hearing, the circuit court discussed defendant's history both specifically and generally in society. While the court commented the State had a pretty good argument about the potential harm to others from selling look-alike substances, it did not expressly find it was an aggravating factor like the court did when it specified three aggravating factors. Additionally, the court's comments about selling look-alike substances preceded its finding of the three aggravating factors identified by the court. As such, we find the court was commenting on the nature of the crime in general and not finding an aggravating factor as suggested by defendant.

¶ 21        Likewise, with the circuit court's comments about defendant having multiple children with multiple mothers, the court was making a general comment about the situation creating an endless cycle of single parenting and contemplated out loud whether sentencing defendant to probation could break the cycle. The court did not expressly state it was an aggravating factor like it did with the three aggravating factors expressly identified by the court. When reading the circuit court's comments as a whole, the court was commenting on its perceived connection between children not growing up in loving, two-parent homes and ending up in the criminal justice system and how to break that cycle. Additionally, we disagree the court's comments suggested the court was imposing a prison sentence on defendant and not probation to prevent defendant from having more children. In imposing imprisonment over

probation, the court found probation would deprecate the serious nature of the charges, noted defendant was on MSR for the same offense when he committed these offenses, and concluded the aggravating factors strongly outweighed the mitigating factors. The court did not mention preventing defendant from having more children.

¶ 22 Thus, we find the circuit court did not improperly consider the general harm to society that is implicit in drug transactions and the fact defendant's children had multiple mothers as aggravating factors.

¶ 23 B. Mitigating Factors

¶ 24 In this case, the circuit court found no mitigating factors applied. Defendant contends the court erred by not considering the following statutory factors in mitigation: (1) "[t]he defendant's criminal conduct neither caused nor threatened serious physical harm to another," (2) "[t]he defendant did not contemplate that his criminal conduct would cause or threaten serious physical harm to another," and (3) "[t]he imprisonment of the defendant would entail excessive hardship to his dependents." 730 ILCS 5/5-5-3.1(a)(1), (2), (11) (West 2016). While the court did not find any mitigating factors, its comments indicate it clearly considered the nature of the crime and the mitigating evidence presented by defendant. The court expressly found the aggravating factors "strongly" outweighed the mitigating factors. A sentencing court's statement no statutory factors in mitigation *apply* is different than the circuit court did not *consider* a mitigating factor. See *People v. Newbill*, 374 Ill. App. 3d 847, 854, 873 N.E.2d 408, 415 (2007).

¶ 25 At sentencing, defense counsel did not specifically identify any statutory mitigating factors that applied to defendant's case. He argued mitigating evidence generally and emphasized defendant's desire to stay off drugs and be a good member of society. Defendant

desired probation in this case. Given the evidence before it and the parties' arguments, the court could have found no statutory mitigating factors applied to defendant's case. Despite the State's argument the statutory aggravating factor defendant's conduct caused or threatened serious harm applied, the court did not find that statutory aggravating factor. In not applying the opposite mitigating factor, the court could have considered the threat of serious physical harm associated with misrepresenting the nature of an item to be consumed by another. It is common knowledge antibiotics can cause allergic reactions, and no evidence was presented indicating the unknown consumption of antibiotics by another does not present a threat of serious physical harm. Regarding whether defendant contemplated causing harm, defendant fails to point out any evidence at the sentencing hearing he did not contemplate his actions would cause harm to another. Thus, we find no error in the court's failure to apply the mitigating factors related to causing, threating, and contemplating serious physical harm.

¶ 26       As to excessive hardship on defendant's dependents, the State noted the presentence investigation report showed defendant's children resided with their mothers and asserted the children did not rely on defendant "for any sort of support." Contrary to defendant's suggestion, that argument was not limited to financial support. The evidence at the sentencing hearing suggested defendant was a good father when out of prison, sober, and allowed to see his children. Defendant admitted his older daughter was mad at him because he kept leaving. Thus, the court could have agreed with the State's assertion the children did not rely on defendant for any type of support.

¶ 27       Accordingly, we do not find the circuit court committed the alleged errors in considering aggravating and mitigating factors. Since we do not find any error, we do not address the forfeiture and plain error arguments.

¶ 28                              III. CONCLUSION

¶ 29        For the reasons stated, we affirm the Livingston County circuit court's judgment.

¶ 30        Affirmed.